CASE 21—INDICTMENT—OCTOBER 9.

# Parsons v. Commonwealth.

APPEAL FROM SPENCER CIRCUIT COURT.

Although the appellant's life may have been threatened, and the deceased may have lain in wait to kill him, and once shot at him, *yet* he was not authorized, upon meeting deceased, to pursue and kill him upon the idea that he was *constantly* in danger of assassination. There must be facts or circumstances to show that the deceased was then and there about to harm the appellant in order to *justify the killing*. (See Kennedy v. Commonwealth (14 Bush, 352.)

CALDWELL & HARWOOD FOR APPELLANT.

1. If the appellant had reasonable grounds to believe his life was in imminent danger from the deceased, and he could secure his safety in no other way than by killing the deceased, he had the *right* to *pursue* and slay him. (Luby v. Commonwealth, 12 B., 1 )

2. There should not have been given an instruction in regard to sudden heat and passion, as there was no proof to sustain it. (Phillips v. Commonwealth, 2 Duv., 328; Young v. Same, 12 Bush, 243; Bohannan v. Same, 8 Bush, 481 )

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.
No brief for appellee on file.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

From the evidence in this case, the jury were authorized to find that the deceased, Bryant, had repeatedly threatened to take the life of appellant, had lain in wait on two occasions or more, armed with a rifle gun, for the purpose of taking the life of appellant, and that he once shot at appellant for that purpose. At the time of the killing appellant was return-

ing from mill and near his own house. What passed between him and the deceased at the time is not known. One witness heard angry words, but could not distinguish them, and saw appellant fire at the deceased, then pursue him some fifteen steps and fire again, both shots taking effect on Bryant, either one of which would probably have proved fatal. Bryant, when he met appellant, had a sack of corn on his shoulder, going in the direction of the mill, and was unarmed. The jury were further authorized, from the evidence, to find that, at the time of the killing, appellant had reasonable grounds to believe, and did believe, that his life was in constant danger at the hands of Bryant, and that the only apparently safe means of escape was to take his life, in order to avoid future assassination.

On trial, appellant was sentenced to the penitentiary for four years.

The complaint on appeal is, that the court gave improper instructions, and refused to give others asked for by appellant. Among those given and complained of is the following, which was asked for by appellant but modified by the court by adding the words "*and there*" after the word "*then*," and by striking out the words "*but had the right to pursue his adversary and to slay him.*" As modified, it reads: "The Court instructs the jury, that if they believe from the evidence, and from all the facts and circumstances proven in the case, that the accused believed, and had reasonable grounds to believe, that his life was in danger from deceased, or that he was in danger of great bodily harm from deceased, whenever and wherever he might meet him, and that, on the occasion when the accused met and killed the deceased (if he did kill him), he believed, and had reasonable grounds to believe, such danger was then and there impending, and that

he could secure his personal safety in no other way than by killing deceased, he was not required by the law to wait until he was actually assaulted, and he was not required to flee."

The view insisted upon by counsel is, that if the danger to appellant was impending, in the sense that he was constantly in danger of assassination, that appellant had the right to take the life of Bryant, although he may have believed that, at that time and that place, Bryant did not intend to carry his purpose of killing into execution.   It is difficult to formulate an instruction upon this point that will not be liable to misconstruction by the jury ; but, after careful consideration, we conclude that the statement of the law, as found in Kennedy v. The Commonwealth, 14 Bush, 352, is in harmony with the best considered cases, and should be adhered to, and that, as the instruction is a substantial compliance with it, the court did not err in giving it as modified.

In the Kennedy case it is said: "Threats, menaces, assaults, lying in wait, carrying arms, the character of the deceased for violence or lawlessness, the circumstances of the meeting, and any other fact tending to show that the slayer was in peril at the time of the homicide, or that he had reasonable grounds upon which to believe he was in such peril, may all be given in evidence for the purpose of showing that there were grounds to believe he was then in danger; but if, notwithstanding all these things, he had no reasonable ground for believing he was then in danger, they will not excuse him on the ground of self-defense, although they may have justified him in believing he would be in such danger at some future time."

The fact that no person witnessed the whole of what occurred between appellant and Bryant at the time of the

meeting, and that angry words were heard to pass between the parties, are sufficient to justify the giving of the third instruction in regard to killing in sudden heat and passion.

Judgment affirmed.