## A. D. Brown *v.* Commonwealth.

Criminal Law—Instruction.

> Where an erroneous instruction is given, which was not prejudicial to the substantial rights of the accused, the cause will not be reversed on account of it.

**Evidence.**

    In the trial of one charged with murder evidence is admissible showing threats, menaces, assaults, lying in wait, carrying arms, the character of the deceased for lawlessness or violence, the circumstances of the meeting and other facts showing that the slayer was in peril at the time of the killing, or that he had reasonable grounds for believing he was in peril, for the purpose of showing that there was grounds for believing he was then in danger.

APPEAL FROM TRIGG CIRCUIT COURT.

October 28, 1879.

Opinion by Judge Hines:

The objections to the action of the court in permitting the jury to separate, and to the manner in which they arrived at their verdict, having been first presented and brought into the record on the motion for a new trial, are not the subject for review by this court. *Terrell v. Commonwealth,* 13 Bush 246, and *Kennedy v. Commonwealth,* 14 Bush 340.

While the second instruction given in this case is absolutely erroneous, in that it groups together and gives too much prominence to certain facts from which the jury may draw the conclusion of malice, it does not appear to us that it could have been or was in any way prejudicial to the substantial rights of appellant. The jury, having found a verdict of manslaughter, necessarily found that the killing was not done in malice. If a verdict of murder had been returned a different or a more diffcult question might have arisen Then it might with plausibility have been said that the undue prominence given to the evidence pointing to malice likely misled the jury to finding its existence; but as they have found that there was no malice in the killing, it is manifest that the instruction was innoxious.

The other instructions complained of are in reference to the law of self-defense. Without setting them forth in full, it is deemed sufficient to say that we consider them substantially correct. As said in *Parsons v. Commonwealth,* 78 Ky. 102, we are disposed to adhere to the rule as stated in *Kennedy v. Commonwealth, supra.*

"Threats, menaces, assaults, lying in wait, carrying arms, the character of the deceased for violence or lawlessness, the circumstances of the meeting, and any other fact tending to show that the slayer was in peril at the time of the homicide, or that he had

reasonable grounds upon which to believe he was in such peril, may all be given in evidence for the purpose of showing that there were grounds to believe he was then in danger; but if, notwithstanding all these things, he had no reasonable ground for believing he was then in danger, they will not excuse him on the ground of self-defense, although they may have justified him in believing he would be in such danger at some future time."

The court did not err in refusing instruction No. 9, asked for by appellant; it was abstract and belonged more appropriately to the domain of logic than to that of absolute law, and should have been left to the consideration of the jury, without embarassing prominence being given to the suggestion embraced therein, as in all other cases where the question is simply one of weight of evidence.

Judgment *affirmed.*

*Fenton Simms, for appellant.    Hardin, for appellee.*